THORNTON, J.
This is an appeal by the claimant from a circuit court order affirming an order on review of the Workers’ Compensation Board (Board). A determination order, issued on October 31,1975, awarded claimant 32 degrees of permanent partial disability, 10 percent of the maximum allowable for unscheduled shoulder disability. Pursuant to a hearing a referee increased the award to 160 degrees equal to 50 percent of the maximum allowable. In its order on review the Board reduced the award to 80 degrees, or 25 percent of the maximum. The Board also suggested that the Disability Prevention Division reassess claimant’s eligibility for vocational rehabilitation.
Claimant, now 40 years old, was injured on June 20, 1974, while working in the bag plant at the Georgia-Pacific Corporation complex in Toledo, Oregon. The circumstances were as follows: While pushing a stack of paper bags into a baling machine, claimant felt a sudden, sharp, needle-like pain in her right shoulder. She continued to work, however the pain persisted. She subsequently came under the care of Dr. Neumann, an orthopedic surgeon, in November 1974. Dr. Neumann diagnosed claimant’s condition as "[s]ubacromial bursitis and tendinitis of right shoulder which could well be secondary to right shoulder and arm sprain” received by claimant on June 20, 1974. Her course of treatment was conservative consisting of medication (including injections of cortisone and xylocaine), bedrest, heat, cold packs and physical therapy. In September 1975 Dr. Neumann concluded that claimant’s condition was medically stationary and she stopped seeing him. Following the doctor’s closing medical evaluation claimant’s claim was closed, and the award of 32 degrees was made.
Claimant testified that she still experiences limitation of motion, loss of strength and a dull ache in her shoulder which is aggravated by activity such as heavy lifting or repetitive exertion of the shoulder. *[1136] She has difficulties performing household duties, e.g., mopping, sweeping, doing dishes, as well as personal grooming activities, e.g., brushing her hair with her right arm, dressing and undressing.
Claimant has not worked since May 1975. Medically and practically claimant is precluded from returning to her former occupation at Georgia-Pacific Corporation because the defendant has no suitable job for her and because of union contract restraints is unable to create a job for her. Claimant feels she can do light work and, in fact, has looked for such work. She has expressed willingness to undergo vocational rehabilitation. Claimant’s prior work experience includes motel maid, cocktail and food waitress and bartender. She has an eighth grade education. Mrs. Casebier, service coordinator for the Workers’ Compensation Board, indicated that she felt claimant was occupationally handicapped but not vocationally handicapped.[1] Mrs. Casebier felt claimant possessed sufficient skills to return to the labor market as a waitress, barmaid or clerk.
It is our duty to determine de novo the extent of claimant’s permanent partial disability. In making that determination we consider, among other things, the expertise of the Board which has the administrative function of reviewing many determination orders of referees. We conclude that the Board’s award (and that of the circuit court) more appropriately reflects the realities of this 40-year-old claimant’s disability. We therefore affirm the award of 80 degrees, equal to 25 percent of the maximum allowable for unscheduled shoulder disability.
Affirmed.

An occupational handicap is a disability which prevents a claimant from returning to his (or her) former occupation. A vocationally handicapped worker is one who has an occupational handicap caused by a compensable injury which prevents him (or her) from returning to regular employment and has no other skills which would readily enable him (or her) to return to full-time employment.